**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 98-4363

KENNETH HAROLD BAILEY, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-89-2-F)

Submitted: September 29, 1998

Decided: October 19, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Edwin C. Walker,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Bailey, junior appeals from a district court judgment revoking his supervised release and ordering that he be imprisoned for a period of twenty-four months. Bailey was convicted pursuant to his guilty plea of conspiring to possess and distribute cocaine in 1989. He was sentenced to 51 months incarceration and 60 months supervised release. His term of supervised release began in July 1993.

During the course of his supervision, he provided three urine specimens which tested positive for cocaine, and on three other occasions failed to provide urine samples. Because the use of controlled substances constituted a violation of the terms of his supervised release, after these violations Bailey was placed in a community corrections center for drug treatment for a period of 120 days. He was released from the community center on November 28, 1997. In January and March of 1998, however, Bailey again tested positive for cocaine. Pursuant to his continued violations of the terms of his supervised release, his probation officer moved the court on March 26, 1998, for revocation of his supervised release.

Bailey admitted to the violations. His violations constituted a Grade C violation which, when combined with his criminal history category of I, placed him within a guideline range of three to nine months under the Chapter 7 policy statements of the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual, §§ 7B1.1, 7B1.4 (1995). At Bailey's revocation hearing, however, the district judge stated that he believed that the only way Bailey could overcome his drug problem was to receive substance abuse treatment on an in-house basis. Accordingly, he ordered that Bailey be confined at Butner, North Carolina, for 24 months and receive substance abuse treatment.

On appeal, Bailey contends that the district court abused its discretion by imposing a sentence outside the guideline range where he only used cocaine twice over a two-month period, where he was willing to undergo in-patient drug treatment, and where he demonstrated that he had a good employment record and family support. We disagree. We have held that the Chapter 7 policy statements of the Sentencing Guidelines are non-binding, advisory guides in revocation proceedings. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). While these advisory guides must be "considered," this does not require the district court to specifically discuss the suggested guidelines. Rather, we may infer the district court's consideration where, as in this case, the probation officer's worksheet discussed the relevant policy statement. See id.

We find that the imposition of a 24-month sentence was reasonable under the circumstances of this case. Although Bailey's last two violations of his supervised release prompted the motion for revocation, there is no dispute that he committed several prior violations. Particularly in light of the fact that Bailey twice violated the terms of his release shortly after his release from the community center, the district court reasonably concluded that Bailey needed a more protracted period of in-house drug treatment. Moreover, because Bailey had been convicted of a Class A felony, the court could have imprisoned Bailey for as long as 60, rather than 24, months. See 18 U.S.C. § 3583(e)(3) (1994).

Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3